## W. T. GRANT CO. v. SNEAD et al.
### In re PIETSCH'S ESTATE.

cuit Court of Appeals, Fourth Circuit. January 14, 1930.

No. 2918.

Louis S. Herrink, of Richmond, Va., for appellant.

James E. Cannon, of Richmond, Va. (Leon M. Bazile, W. W. Martin, and Henry R. Miller, Jr., all of Richmond, Va., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

NORTHCOTT, Circuit Judge. Edward F. Pietsch and Joseph F. A. Pietsch were adjudged bankrupt as individuals and partners, trading as Pietsch Bros., in the District Court of the United States for the Eastern District of Virginia, on February 13, 1929, upon their voluntary petition filed the same day. The bankrupts were conducting a pool parlor and bowling alley in the city of Richmond, Virginia. Appellant had a claim against the bankrupt estate for rent. The state of Virginia and the city of Richmond also filed claim for taxes due. Neither the commonwealth nor the city had distrained for their taxes, nor had the appellant distrained for its rent when bankruptcy intervened. No question was raised as to the validity of either of the three claims referred to, but the fund in the bankrupt estate was not sufficient to pay them all in full.

In May, 1929, the referee in bankruptcy filed a report directing that the taxes to the state of Virginia and the city of Richmond should be paid in full before any payment should be made to the appellant for rent. On petition, the judge of the District Court of the United States sustained the order of the referee, from which action this appeal was taken.

It seems clear that, had the law of Virginia not been changed, the decision in the case of City of Richmond v. Bird, 249 U. S. 174, 39 S. Ct. 186, 63 L. Ed. 543, would be controlling as against the contention of the appellees, but in 1924 (Acts Va. 1924, p. 9, c. 11) the General Assembly of Virginia passed an act changing the law of that state, and it is to be presumed that this act was passed in the light of the decision of the Bird Case.

This new act, amended in some immaterial respects in 1928 (Acts Va. 1928, p. 236, section 429 of the Tax Code of Virginia), reads as follows:

"Section 429. *Claims of the Commonwealth of Virginia and Political Subdivisions of Taxes, Levies and Fees, Together with Penalties and Interest Thereon, Given Preference.*—In any distribution of the assets of any person or corporation assessed with taxes, levies or fees, together with penalties and interest thereon, due to the Commonwealth of Virginia or any of its political subdivisions, whether heretofore or hereafter imposed, the claims of the Commonwealth and the political subdivisions for such taxes, levies and fees, penalties and interest thereon, shall be paramount and prior to any other claim, lien or encumbrance except claims given higher dignity by Federal law. Nothing in this section shall be construed in derogation of any lien of the Commonwealth or any of its political subdivisions now existing or hereafter created by law; nor shall anything herein be construed to affect the laws now in force with regard to the marshalling of a decedent's estate and in regard to the exemption of a poor debtor.

"If any corporation assessed with any such taxes or levies, including penalties and interest thereon, shall distribute its assets without first paying such assessment to the Commonwealth or the proper political subdivision, as the case may be, any person receiving any moneys or other property from such distribution shall be held personally liable for such assessment to an amount not in excess of his participation in such distributions and any purchaser with actual notice of any such assessment shall be liable therefor to the extent of the assets of the corporation coming into his hands."

As was clearly stated by the judge below (no written opinion), the effect of this act has subordinated the landlord's lien to the claim of the state and city for taxes. The judge below said:

"There is nothing in the bankrupt law which specifically recognizes a landlord's lien as such, so that the lien of the landlord obtains its priority wholly by virtue of the State statute, and since the State statute subordinates it to the State's claim for taxes, even where no distraint has been issued by the State, it seems to me necessarily to follow that in a distribution in bankruptcy, the State statute controls."

In American Ex. Bank v. Goodlee Realty Corp., 135 Va. 204, 116 S. E. 505, 509, the court said:

"It is true, as urged in behalf of the defendant lien holder in the instant case, that, accurately speaking, neither section 5524 nor section 5523 of the present Code * * * gives the landlord any lien for rent * * * although in some of the cases discussing the subject statutes like section 5524 are referred to as giving the landlord a lien. But it is apparent from the facts of such cases that what is meant thereby is that such statutes give the landlord the right to have the property re-

main on the premises, subject to his inchoate lien, unless the terms of the statute permitting removal are complied with. * * *

"In this state the only methods by which a landlord can obtain a lien for rent, prior to a judgment and execution therefor, is by distress warrant or attachment levied on the property liable for rent while it is on the leased premises, or within 30 days after its removal therefrom. See chapter 227 and section 6416 of the Code. Until a lien is thus obtained the landlord's right to a lien is inchoate in this state."

Here both the lien for rent and the lien for taxes derive their being from the statute law of the state. The source of both is of equal dignity, and, when the state law gives priority to the claim for taxes, that priority must necessarily prevail.

The decision of the judge below was right, and the judgment is accordingly affirmed.