# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## W. O. KELLY v. G. G. WORSHAM.

March 16, 1933.

Present, All the Justices.

The opinion states the case.

*Frank H. Atwell,* for the plaintiff in error.

*Horace H. Edwards,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

W. O. Kelly purchased a battery charger from one H. H. Lang. Lang was a tenant of the defendant in error, G. G. Worsham. The purchase price of the machine was $500.00, which was paid down and Kelly removed it to his premises. Lang's rental contract with Worsham was on an annual basis payable in monthly installments of $541.00. He was, at the time of the sale of the machine to Kelly, in arrears in the payment of his rent, in the sum of about $2,500.00, *i. e.,* he was indebted to his landlord to the extent of this amount for the lease of the premises from which the machine was removed. At the time of the transaction Kelly did not know whether Lang owned or leased the premises and he made no inquiries and sought no information in regard to it. The date of the sale by Lang to Kelly was about December 1, 1930, and Worsham was not aware of it until March, 1931. Worsham immediately demanded of Kelly the return of the machine or its value and upon his refusal to comply with the demand Worsham instituted this action. No distress warrant was levied on the machine while the same was on the premises, nor within thirty days thereafter, nor was any other legal action or proceeding had or taken by the landlord to recover the past due rent. At the time of the sale several months had yet to run before the expiration of the lease. In February, 1931, Lang was ad-

judicated a bankrupt and his assets were sufficient only to pay a small portion of Worsham's claim for rent.

There was no question in the case of *mala fides* upon the part of Kelly, or for that matter, of any one else. By consent of both parties litigant a jury was waived and the court heard the evidence and gave judgment for the plaintiff against the defendant for the sum of $500.00 with interest. Upon a writ of error awarded by this court the case is before us.

■■ We are concerned solely, as we perceive it, and as is practically admitted, with the question of the construction and meaning of the statute, section 5524 of the Code of Virginia, in its application to the case presented. The appropriate and pertinent part of the statute is as follows: *"If after the commencement of any tenancy * * *, the said goods be sold, * * * the purchaser of such goods may remove them from the premises on the following terms, and not otherwise * * *.* On the terms of *paying* to the person entitled to the *rent* so much as is in arrear, and securing to him so much as is to become due, what is so paid or secured not being more altogether than six months' rent in any case. * * *.*" (Italics ours.)

This statute is perfectly plain and definite in its terms. It is unambiguous and hardly to be misunderstood. Its meaning cannot be frittered away nor its effect impaired or weakened by specious reasoning, however plausible or adroit. If its enforcement would work hardships in commercial and trade transactions, as is emphasized by defendant's counsel, the remedy is alone with the legislature. The court has no alternative than to give effect to its manifest meaning.

Counsel for the plaintiff in error, Kelly, relies upon the case of *American Exchange Bank* v. *Goodlee Realty Corp.*, 135 Va. 204, 116 S. E. 505, 508, in which this court through Judge Sims propounded the following question and then answered it: "Can a landlord, who has failed to perfect his lien for rent, by distress or attachment, levied on the

tenant's goods while on the leased premises, or within thirty days after goods are removed therefrom by a purchaser thereof, or party having a lien of any kind thereon created after the commencement of the tenancy, maintain an action instituted more than thirty days after the removal of the goods from the premises, against such purchaser or lienholder, holding the latter personally liable for the value of the goods removed by him from the premises, to the extent of so much of the rent, if any, to which the landlord is entitled under the lease, as was at the time of such removal in arrear and was not paid, if any, and so much of such rent as was to and did, under the lease become due thereafter (not being more altogether than a year's rent) and was not secured to be paid to the landlord by such purchaser or lienholder before the removal of the goods?

"The question must be answered in the affirmative."

The judgment of the plaintiff (landlord) in the cited case was sustained by this court.

There was evidence in the case showing that the defendant had notice before the removal of the property from the premises of the fact that further rent would become due, and this court, in discussing the propriety or correctness of an instruction granted at the instance of the plaintiff, said that the instruction should have embraced this fact of notice, "to have fully and accurately stated the law as applicable to the case." Counsel for the defendant seized upon this language and a further discussion by the court of notice which might be construed to mean that the court thought that notice to the offending party of the tenancy or rent due or to become due was a condition precedent to a recovery by the landlord. What the court said was not necessary to a decision of the case and therefore we do not accept its argument as authority in the case in judgment.

In the recent case of *Allen* v. *Parkey,* 154 Va. 739, 149 S. E. 615, 618, 154 S. E. 919, this court said through Justice Holt: "No distress warrant had issued and the trustee, *who is a purchaser,* probably knew nothing of these claims

for unpaid rent. This personalty he has possibly in part already disposed of. *Be that as it may he took subject to the provisions of section 5524 of the Code of 1924, and is liable* for six months' rent as a preferred charge. This he must pay." (Italics ours.)

We affirm the judgment of the trial court.

*Affirmed.*

EPES, HUDGINS and CHINN, JJ., dissenting.