# Richmond

## UNITED STATES OF AMERICA v. E. E. LAWLER, ET AL.

March 7, 1960.

Record No. 5033.

Present, All the Justices.

The opinion states the case.

*Shanley Keeter, Assistant United States Attorney (John M. Hollis, United States Attorney; Joseph S. Bambacus, Assistant United States Attorney*, on brief), for the plaintiff in error.

*A. C. Epps* and *Charles W. Laughlin (Christian, Barton, Parker & Boyd*, on brief), for the defendants in error.

I'ANSON, J., delivered the opinion of the court.

■    The question presented in this case involves the relative priority of a landlord's lien under the laws of Virginia and a lien for unpaid income taxes due the United States.

The facts, which are not in dispute, are as follows:

On July 1, 1949, E. E. Lawler, hereinafter sometimes referred to as the landlord, leased certain premises in the city of Richmond to Elbridge L. Walker, and upon default in the payment of the rent a distress warrant was issued on January 7, 1957, for the past due rent in the amount of $600 for the period beginning on October 1, 1956, through January 31, 1957.

On February 6, 1957, the landlord caused the personal property on the premises to be attached to satisfy his claim in the amount of $750 for five months' future rent due under the terms of the lease.

On March 15, 1957, in execution of the distress warrant and writ of attachment, the high constable took possession of and sold the property distrained and attached, deriving therefrom $1,900.64 net after payment of expenses.

In the meantime, the District Director of Internal Revenue Service made an assessment on August 31, 1956, in the amount of $14,866.23 against Elbridge L. Walker and Dorothy N. Walker, his wife, for non-payment of federal income taxes due for the years 1949 and 1950, and a statement demanding payment of the tax due was sent to the Walkers on September 4, 1956.

Notices of a federal tax lien arising out of the assessment were docketed in the judgment order books in the clerks' offices of the Chancery Court, and the Hustings Court, Part II, of the City of Richmond on October 26, 1956, pursuant to § 55-139.1, Code of 1950, 1959 Replacement Volume.

Notice of the federal tax lien was served on the high constable prior to the sale of the goods and chattels distrained and attached on March 15, 1957, and notice of levy was served on him immediately after the sale.

On April 24, 1957, the landlord filed interpleader proceedings in the court below, pursuant to § 8-227, Code of 1950, 1957 Replacement Volume, requesting that the court order the high constable to pay the funds held by him into the registry of the court; that the United States of America be required to intervene or be forever barred to assert its claim to the funds; and that it determine the respective rights of himself and the United States to the funds derived from the sale of Walker's property.

The United States intervened and counsel for the respective parties entered into a stipulation of the facts and submitted the matter to the court for its determination.

The trial judge was of opinion that § 191, title 31, U. S. C. A. (R. S. § 3466[1]), a priority statute, did not give the federal tax lien priority over the landlord's lien, because there was no evidence of insolvency or death of the debtor, and that no other federal statute provided for priority of payment of the federal tax lien. Accordingly, judgment was entered in favor of Lawler in the amount of $1,732.85, which amount included court costs and $337.50 attorney fees provided for in the lease, and the court directed that $1,732.85 be paid to Lawler and the balance of $176.79 to the treasurer of the United States. From this judgment we granted the United States a writ of error.

We agree with the learned trial judge that the priority statute, § 191, title 31, U. S. C. A. (R. S. § 3466), has no application under the facts of this case, but other Internal Revenue Code sections and recent decisions of the Supreme Court of the United States need to be considered in order to determine the relative priorities of the parties to the fund interpleaded.

■ The applicable provisions of the statutes which we must consider are §§ 6321[2], 6322[3], and 6323(a)[4], of the Internal Revenue Code of 1954, Public Law 591, 26 U. S. C., approved August 16, 1954, and read as follows:

"§ 6321. *Lien for taxes.*—If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty,

---

[1] "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall first be satisfied; * * *."

[2] Formerly § 3670, Internal Revenue Code of 1939.

[3] Formerly § 3671, Internal Revenue Code of 1939.

[4] Formerly § 3672(a), Internal Revenue Code of 1939.

together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

"§ 6322. *Period of lien.*—Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time."

"§ 6323. *Validity against mortgagees, pledgees, purchasers, and judgment creditors.*

"(a) *Invalidity of lien without notice.*—Except as otherwise provided in subsection (c) [Exception in Case of Securities] the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate—

"(1) *Under State or Territorial laws.*—In the office designated by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law designated an office within the State or Territory for the filing of such notice; * * *."

The Government argues that under §§ 6321 and 6322, *supra,* the federal tax lien attached to all of the property owned by the Walkers when the assessment was made; that since the landlord's lien was not perfected in the conventional sense of a creditor having a judgment of a court it was an inchoate lien and not protected under § 6323(a), *supra;* and that the federal tax lien, having been duly docketed and recorded before Walker was in default in the payment of rent, and prior to the distraint and attachment of his property, is first in time and right, and should be paid out of the fund interpleaded before the landlord's lien.

On the other hand, Lawler argues that under the laws of Virginia his landlord's lien is a specific and perfected lien for six months' rent, accrued and to accrue, and relates back to the beginning of the tenancy; that the provisions of the Internal Revenue Code do not give the federal tax lien a priority in this case, and that the trial court correctly ordered his lien to be paid out of the fund interpleaded before the federal tax lien.

Under the Virginia statutes, §§ 55-227[5] and 55-231[6], Code of 1950, 1959 Replacement Volume, a landlord is authorized to levy distress

---

[5] Formerly § 5519, Code of 1919.
[6] Formerly § 5523, Code of 1919, as amended.

for rent upon "any goods of the lessee * * * found on the premises, or which may have been removed therefrom not more than thirty days * * * for not more than six months' rent if the premises are in a city or town * * *."

Section 55-233[7], Code of 1950, 1959 Replacement Volume, provides that the goods of a tenant on leased premises in a city or town may not be removed by a lienor or purchaser whose rights arose after the commencement of the tenancy, nor taken under legal process, save "on the terms of paying to the person entitled to the rent so much as is in arrear, and securing to him so much as is to become due, * * *" not to exceed six months' rent.

Sections 55-231 and 55-233, Code of 1950, 1959 Replacement Volume, give the landlord a lien which is fixed and specific, and not merely inchoate, and such lien exists independently of the right to proceed by distress or attachment, which are merely remedies for enforcing it. Such lien also relates back to the beginning of the tenancy. *United States* v. *Waddill, Holland & Flinn, Inc.*, 182 Va. 351, 363, 28 S. E. 2d 741, 746 (reversed as to priority of federal tax claim under § 191, title 31, U. S. C. A., now § 3466, a priority statute, 323 U.S. 353, 89 L. ed. 294, 65 S. Ct. 304).

The Supreme Court of the United States stated in the *Waddill* case, *supra* (323 U. S. at p. 356) that the above interpretations by this court "of the Virginia statutes, as propositions of state law, are binding." However, the Court restated the role of state law in the determination of the relative priority of competing claims when it said (323 U. S. at pp. 356, 357): "* * * [I]t is a matter of federal law as to whether a lien created by state statute is sufficiently specific and perfected to raise questions as to the applicability of the priority given the claims of the United States by an act of Congress."

A state court's characterization of a lien as fixed and specific and not merely inchoate, while good for all state purposes, is not necessarily binding on the Supreme Court of the United States. In determining the relative priority between such a lien and a lien of the United States for unpaid taxes a federal question is presented, and the state court's finding is subject to re-examination and final determination by the federal courts. *People of State of Illinois ex rel. Gordon* v. *Campbell*, 329 U. S. 362, 371, 91 L. ed. 348, 67 S. Ct. 340, 345; *United States v. Security Trust & Savings Bank*, (1950) 340 U. S. 47,

---

[7] Formerly § 5524, Code of 1919, as amended.

95 L. ed. 53, 71 S. Ct. 111; *United States* v. *Acri*, 348 U. S. 211, 99 L. ed. 264, 75 S. Ct. 239, 241.

In referring to the nature of a landlord's lien under the Virginia statutes in the *Waddill* case, *supra*, the court said (323 U. S. at p. 357):

"Tested by its legal effect under Virginia law, the landlord's lien in this instance appeared to serve 'merely as a *caveat* of a more perfect lien to come.' *New York* v. *Maclay, supra*, [288 U. S. 290, 294, 77 L. ed. 754, 53 S. Ct. 323]. As of the date of the voluntary assignment it was neither specific nor perfected. It gave the landlord only a general power over unspecified property rather than an actual interest in a definitive portion or portions thereof."

Sections 6321 and 6322, Internal Revenue Code, 1954, provide that a federal tax lien attaches, when an assessment is made, to all property of one who neglects or refuses to pay any federal taxes after demand.

Section 6323(a) excludes by its provisions the liens created under § 6321 only those types of interests in the four categories specifically mentioned in the statute, namely, mortgagees, pledgees, purchasers, and judgment creditors in a conventional sense, *and no others. United States* v. *Security Trust & Savings Bank, supra*, (concurring opinion of Mr. Justice Jackson, 71 S. Ct. 111 at pp. 114 and 115).

From the many recent decisions of the United States Supreme Court there has developed a general rule that even though a competing statutory lien is specific and choate under the state law, but in process of judicial enforcement, it cannot, irrespective of priority in time, prevail over a federal tax lien, unless the statutory lien has been reduced to final judgment. *United States* v. *Acri* (1955) *supra* (attachment lien); *United States* v. *Liverpool & L. & G. Ins. Co.* (1955) 348 U. S. 215, 99 L. ed. 268, 75 S. Ct. 247 (garnishment lien); *United States* v. *Scovil* (1955) 348 U. S. 218, 99 L. ed. 271, 75 S. Ct. 244 (landlord's distress lien); *United States* v. *Colotta* (1955) 350 U. S. 808, 100 L. ed. 725, 76 S. Ct. 82 (mechanic's lien); *United States* v. *White Bear Brewing Co.* (1956) 350 U. S. 1010, 100 L. ed. 871, 76 S. Ct. 646, rehearing denied 351 U. S. 958, 100 L. ed. 1480, 76 S. Ct. 845, (mechanic's lien). See also Anno., 2 L. ed. 2d, Priority of Federal Tax Liens, beginning at p. 1823, 1841, 1853-1854. This general rule, however, was not applied in *United States* v. *New Britain* (1954) 347 U. S. 81, 98 L. ed. 520, 74 S. Ct. 367, which dealt with a specific and perfected state tax lien.

Many excellent discussions on the priority of claims of the United States may be found in law review articles. A few of them are as follows: "The Pernicious Career of the Inchoate Lien," 63 Yale L. J.

905 (May 1954); "Taxation Liens—Priority of a Subsequent Federal Tax Lien over an Antecedent Inchoate Lien," 54 Mich. L. Rev. (April 1956); "The Relative Priority of Government and Private Liens," 29 Rocky Mountain L. Rev. 167 (February 1957).

It is clear that Lawler's lien for rent cannot be paid out of the fund interpleaded before the Government's tax lien. Section 6321 does not confer a priority on the lien it creates, but the lien created by its language did attach to all of Walker's property, pursuant to § 6322, when the assessment was made on August 31, 1956. While under Virginia law Lawler has a specific and not merely inchoate lien, which relates back to July 1, 1949, the beginning of the tenancy, and good for all state purposes, under federal law his lien was inchoate at the time the federal tax lien arose and was duly recorded on October 26, 1956, in the proper offices. At the time the federal tax lien attached to Walker's property, he was not in default in the payment of rent, and the distress warrant and writ of attachment were not issued until several months thereafter. Lawler's lien had not been perfected in a federal sense when the federal tax lien came into existence. His lien was only "a *caveat* of a more perfect lien to come." Section 6323(a) affords him no protection because he does not qualify as a judgment creditor within the meaning of the statute. The evidence shows that the recorded federal tax lien, under the common-law priority rule, is "the first in time [and] is the first in right," and must be paid out of the fund interpleaded before the landlord's lien.

It follows that since the landlord's lien is not entitled to priority over the federal tax lien, neither is his claim for attorney's fees and costs. *United States* v. *Liverpool & L. & G. Ins. Co., supra,* (348 U. S. at p. 217, 75 S. Ct. at p. 248); *United States* v. *R. F. Ball Construction Co., Inc., et al.,* 355 U. S. 587, 2 L. ed. 2d 510, 78 S. Ct. 442.

The judgment of the lower court is reversed and distribution of the fund interpleaded is directed to be made in accordance with the view expressed in this opinion.

*Reversed and remanded.*