## Richmond

UNITED STATES OF AMERICA v. NEW ROSE DEVELOPMENT CORPORATION, ET AL.

November 30, 1964.

Record No. 5807.

Present, Eggleston, C. J., and Buchanan, Snead, I'Anson, and Carrico, JJ.

*Alec A. Pandaleon (Claude V. Spratley, Jr., United States Attorney; Roger T. Williams, Assistant United States Attorney,* on brief), for the appellant.

No brief filed on behalf of the appellees.

I'ANSON, J., delivered the opinion of the court.

This appeal involves the question of the relative priorities of a landlord's lien under the laws of Virginia and a certain lien for unpaid federal withholding taxes due the United States of America.

New Rose Development Corporation, defendants herein, leased to Mike Levine certain business property in the city of Norfolk, Virginia, for a term of five years and fifteen days, beginning on May 15, 1961, and ending on May 31, 1966, at a monthly rental of $200. Levine sublet the premises to Merlin Bakery, Inc., and in 1961 it incurred withholding tax liabilities to the United States in the amount

of $1,450.41, which amount was reduced to $535.39, the priority of which is not here in dispute. The corporation again incurred withholding tax liabilities to the United States for the first quarter of 1962 in the amount of $1,663.62, which was assessed on May 3, 1962, and the lien created was docketed in the clerk's office of the Corporation Court of the City of Norfolk on May 9, 1962.

Neither Levine nor his sub-tenant paid the rent on the leased premises for the months of April and May, 1962, and the landlord caused a distress warrant to be issued on May 2, 1962, for $400 for rent in arrears, and a levy was made on May 6, 1962, on the property of the sub-tenant on the leased premises. The rent for the months of June and July, 1962, and for the two previous months, was not paid and another distress warrant was issued for $800, covering the four months, and a levy was made on July 19, 1962. The property levied on was sold by the High Constable of the City of Norfolk under the last mentioned levy, and after the payment of the costs of the sale a balance of $2,325 remained in his hands for distribution.

The trial court held, *inter alia*, that the landlord's lien for rent due for April and May, 1962, in the amount of $400, as established by the levy on the distress warrant made May 6, 1962, together with the costs incurred in creating the fund and the cost of proceeding in that court to determine the priorities, was prior to the lien of the United States in the amount of $1,663.62, and directed the High Constable to distribute the funds accordingly.

The United States contends that the trial court erred in holding that the landlord's lien and the expenses incurred by it had priority over its lien.

This case is controlled by what was said in *United States* v. *Lawler*, 201 Va. 686, 691, 112 S. E. 2d 921, 926 (1960), and the decisions of the United States Supreme Court there cited. Thus it is unnecessary for us to repeat what has already been said. See also *United States* v. *Pioneer American Ins. Co.*, 374 U. S. 84, 88, 89, 10 L. ed. 2d 770, 83 S. Ct. 1651 (1963).

We hold that the lien of the United States for $1,663.62, with interest, is prior to that of the landlord's lien and it is entitled to be satisfied out of the fund held by the High Constable ahead of the lien of the landlord for rent and the expenses incurred by it. Accordingly, the judgment is reversed and remanded to the court below for the entry of a judgment in accordance with this holding.

*Reversed and remanded.*