In re Leonard Joseph BALISTRERI, Rosemary Ruth Balistreri, Debtors.

VIRGINIA NATIONAL BANK, Plaintiff,

v.

Leonard Joseph BALISTRERI, Rosemary Ruth Balistreri, Richard R. Theisen, Pansie M. Theisen, Defendants.

Bankruptcy No. 80–00411.
Adv. Proceeding No. 800792.

United States Bankruptcy Court,
E. D. Virginia,
Norfolk Division.

Feb. 11, 1981.

Stuart D. Glasser, Glasser & Glasser, Norfolk, Va., for plaintiff.

Ronald J. Berg, Berg & Gordon, Virginia Beach, Va., for debtors.

Richard R. Theisen, pro se.

HAL J. BONNEY, Jr., Bankruptcy Judge.

In the course of their home improvement business, Leonard and Rosemary Balistreri [the debtors] entered into a contract with Richard Theisen [the defendant] for the rental of office space located at 1202 W. Little Creek Road in Norfolk, Virginia. The business did not prosper and the debtors filed a joint petition for bankruptcy on April 10, 1980.

Prior to filing, the debtors had been in serious financial difficulty and had not been paying their debts as they became due. Specifically, the rent was in arrears. On April 8, 1980, two days before the filing of the petition, Theisen locked the debtors out of their office for failure to pay rent. At that time the landlord indicated that he intended to sell all personal property left on the premises in order to satisfy the arrearage in rent. Since the debtor had declared some of the property located at the office exempt, they sought the relief of the Court.

On April 15, 1980, following a hearing, the Court entered an order enjoining Richard Theisen from selling or otherwise wasting or disposing of the property of the debtor and which had been locked into the premises.

On the surface all appeared quiet for several months. Then, on August 28, 1980, Virginia National Bank filed a complaint alleging that *it* had a perfected security interest in office furniture, tools and demonstrator items located at the previously leased premises and praying for recovery of that property. In his answer the defendant, Theisen, admitted that the bank had a perfected security interest in the aforesaid property. He nevertheless argued that he was entitled to $1000 from the bank in return for his release of the property. The money demanded was for rent which had accrued, at the rate of $250 per month, for the months of April, May, June and July, 1980.

There is no dispute that the property was vacant during this entire time and under the exclusive control of the defendant.

At trial the debtors testified that they did not oppose the relief sought by the bank. Nor did Theisen oppose it, so long as he was paid his $1000. At issue are the following items of property: one all oak 6' by 4' desk, one secretary type desk, one steel 4' by 4' desk, one 8' black vinyl couch, one black vinyl reclining chair, one wood end table, one 4-drawer steel filing cabinet, one 2-drawer fiberglass table top filing cabinet, one Texas Instrument calculator, four sample cases of aluminum and vinyl siding and four sample windows. Although the bank's security instrument creates a lien on other property, such as an Underwood electric typewriter, several aluminum ladders, and other smaller pieces of office furniture, Theisen testified that the above list is all of the property that was located on the premises on April 8, 1980. He was under a court order not to dispose of the property and he testified that he did not. The list is an accurate inventory of the contents of the office.

### The Law

The basic issue for determination here is the position of the bank vis-a-vis the landlord under applicable non-bankruptcy law. Which party is first in the order of priority under the State law?

In Virginia a landlord becomes a creditor of his tenant by virtue of his contract of rent. This contract gives rise to a statutory lien on the personal property

placed upon the demised premises. § 55-231, Code of Virginia (1950). The lien is fixed and specific and exists independent of the right of distress or attachment, both of which are remedies for enforcing the lien. *United States v. Waddill, Holland & Flinn, Inc.*, 182 Va. 351, 28 S.E.2d 741 (1944), rev'd as to priority of lien, 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294 (1945); *United States v. Lawler*, 201 Va. 686, 112 S.E.2d 921 (1960); *United States v. Melchiorre*, 292 F.Supp. 305 (E.D.Va.1968).

The statutory lien protects the landlord from most other liens created after the commencement of the tenancy upon goods on the leased premises which belong to a person liable for rent. The landlord is protected against all deeds of trust, mortgages, and other liens, where the lien has been created after the commencement of the tenancy, upon goods on the leased premises which belong to a person liable for rent. *City of Richmond v. Duesberry*, 68 Va. 210 (1876); *Jones v. Phelan*, 61 Va. 229 (1871). The lien takes precedence over any lien of any other person obtained or created upon goods or chattels on the leased premises after the commencement of the tenancy. *American Exchange Bank v. Goodlee Realty Corporation*, 135 Va. 204, 116 S.E. 505 (1923).

In its brief the bank admits that its lien was perfected *after* the goods were on the demised premises. Section 55–233, Code of Virginia, 1950, as amended, provides that a person holding a lien upon goods created after the goods were brought on the premises may remove those goods by paying the rent in arrears and securing the lessor for rent to become due. See also *Kelley v. Worsham*, 160 Va. 275, 168 S.E. 338 (1933).

The fact that the landlord did not attempt to enforce his lien by instituting a distress action is of no moment. The Virginia statutes and the case law make it abundantly clear that the statutory lien is not an inchoate lien; it exists from the creation of the tenancy and is legally enforceable in the courts.

The landlord has a valid lien superior to that of the bank. The question then becomes one of determining how much the landlord should recover from the bank as a condition for his surrender of the property. Simply put, should the landlord recover for four months' rent when he locked the debtor out of the property on April 8, 1980?

It is clear that the debtors agreed to the recovery of the premises by Theisen shortly after the April 8 lockout. At this point the lease was terminated and all right to collect rent ended. The debtors had abandoned the lease and Theisen had recovered his property. The landlord is entitled to eight days rent for the month of April at a rental of $250 per month—$66.67. Upon payment of that sum by the bank, the defendant shall immediately turn over the following items: one all oak 6' by 4' desk, one secretary type desk, one steel 4' by 4' desk, one 8' black vinyl couch, one black vinyl reclining chair, one wood end table, one 4-drawer steel filing cabinet, one 2-drawer fiberglass tabletop filing cabinet, one Texas Instrument electric calculator, four sample cases of aluminum and vinyl siding and four sample windows.

IT IS SO ORDERED.