## CIRCUIT COURT OF BEDFORD COUNTY

Piedmont Trust Bank

v.

D. J. Cooper

## March 27, 1992

BY JUDGE J. MICHAEL GAMBLE

This case involves a detinue petition by Piedmont Trust Bank ("Piedmont") for the recovery of a mobile home which it financed. The defendant in this case owns the Hardy Road Mobile Home Park in Bedford County. The Defendant has refused to allow Piedmont Trust Bank to have possession of the mobile home on the grounds that there is rent which is unpaid and constitutes a lien on the home. Additionally, Piedmont claims damages for the failure of the Defendant to allow it to recover the mobile home. The Defendant has filed a counterclaim for the unpaid rent.

The initial issue is whether or not the Defendant is entitled to keep Piedmont from recovering possession of the mobile home. The evidence disclosed that Piedmont Trust Bank was the assignee of a purchase money security agreement/installment sales contract for a 1986 Zimmer mobile home that was purchased by Virginia L. Mongan. This agreement is Plaintiff's Exhibit "1" in this suit. The security interest of the bank was perfected on the motor vehicle title for this mobile home. This is Plaintiff's Exhibit "2." The owner, Virginia Mongan, placed the mobile home in the mobile home park of the Defendant. Later, Virginia Mongan defaulted on both the security agreement/installment sales contract and on the lot rent to the Defendant. Piedmont then sought to repossess the home under the terms of its security agreement. The Defendant would not allow the repossession of the mobile home on the grounds that he was asserting his lien for unpaid rent.

It is certainly clear that a landlord has a landlord's lien for unpaid rent on personal property pursuant to § 55–227 *et seq.* of the Code of Virginia. *U.S. v. Waddill, et al.*, 182 Va. 351, 358 (1944). This lien, however, only takes precedence over other liens during the period that it relates back to the commencement of the tenancy. *American Exchange Bank v. Goodlee*, 135 Va. 204, 215–217 (1923). Therefore, a lien prior to the commencement of the tenancy would have priority.

In the instant case, the purchase money lien of Piedmont was perfected prior to the beginning of the lease with the Defendant. Therefore, the lien of Piedmont takes priority. Accordingly, Piedmont is entitled to possession of the mobile home. Therefore, an order should be prepared which grants Piedmont possession of the mobile home or a judgment for its alternative value of $4,775.00. Under § 8.01–121, the Defendant is entitled to elect to either surrender the property or pay the alternative value. If the Defendant elects to return the property, then the Defendant shall have a landlord's lien of $1,755.00 for the unpaid rent and storage charges against the sale proceeds of the collateral, if the collateral is sold for more than the balance due on the loan to Piedmont.

The next issue is whether or not Piedmont is also entitled to recover damages. Piedmont alleges that it is entitled to the depreciation in value of the mobile home during the period the Defendant failed to surrender the mobile home plus interest at the judgment rate on the value of the mobile home. The evidence of the Plaintiff established by a preponderance of the evidence that the value of the mobile home at the time the demand for the mobile home was made by the Defendant was $7,500.00. Further, the evidence showed that the mobile home had declined in value by $3,371.00 during the period that the Defendant refused to allow the Plaintiff to obtain possession of the mobile home. This depreciation was caused by damage, vandalism, and depreciation for the period of time that the mobile home has been under the control of the Defendant. It has been held that if the retention and use of property has deteriorated its value, then it becomes necessary to determine what the reduction in value may be. Further, it has been held that where the deterioration is extraordinary and the result of abuse and negligence, such extraordinary damages may be included in the verdict. 6A M.J., *Detinue and Replevin*, § 16.

In the instant case, the Defendant has wrongfully refused to allow the Plaintiff to have possession of the mobile home. Further, by vir-

tue of the negligent care and abuse of the property while it was in the possession of the Defendant, it has deteriorated in value. Therefore, the Plaintiff is entitled for judgment in the amount of $3,371.00.

The Plaintiff also seeks a recovery of prejudgment interest at the judgment rate from the date it demanded the property in April of 1991. The interest claimed is the interest on $7,500.00 from that date to the present. The award of interest is discretionary with the court or the jury. *Wolford v. Williams*, 195 Va. 489, 499 (1953). In this case, the court declines to award interest because there is no showing that the Plaintiff, Piedmont Trust Bank, could have liquidated the property at any particular time subsequent to its repossession in April, 1991. It is only from that point (the time of liquidation), that the Bank could legitimately claim interest. Since there is no proof of when the bank could have sold the collateral, the court declines to award interest. The court does award judgment interest on the judgment of $3,371.00 for the deterioration in value from March 29, 1992, until paid.

The Defendant maintains that he should be entitled to credit for any insurance recovery Piedmont may receive for damage to the mobile home. The "collateral source rule" prevents the defendant from asserting this claim for credit because insurance recovery is not admissible in negligence actions. *Walthen v. Davis*, 201 Va. 557, 563 (1960). The damage to the mobile home in this case resulted from Defendant's negligence.

The Plaintiff is awarded court costs but denied a recovery of attorney's fees. Attorney's fees can only be recovered where there is a contractual duty to pay attorney's fees. There is no privity of contract between Piedmont and the Defendant giving Piedmont the right to recover attorney's fees.

The counterclaim of the Defendant for damages is denied.