## Wutheville.

HANCOCK v. WHITEHALL TOBACCO WAREHOUSE CO., AND HAN-
COCK v. HUBARD & ANDERSON, TRUSTEES, AND OTHERS.

June 19, 1902.

1. COUNTY COURTS—*Jurisdiction—Rents—Forthcoming Bonds—Set-Offs.*—
Forfeited forthcoming bonds taken on distress warrants issued for
rent by justices of the peace of a county are returnable to the
county courts, and when motion is made for judgment in such
courts, the tenant may make any defence which shows that the
rent is not due in whole or in part. The tenant has the right to
rely upon set-offs in said courts to the extent to which it is neces-
sary to make complete defence to the landlord's demand, regard-
less of the amount of such set-off. There is no pecuniary limit to
the jurisdiction of said courts in this respect. Code, sections 2787,
3004, 900, 3046.

2. CHANCERY PRACTICE—*Injunction—Adequate Remedy at Law—Landlord
and Tenant.*—A court of equity in this State will not enjoin an in-
solvent landlord from issuing a distress warrant for rent merely
because the tenant has large set-offs against the landlord's de-
mands; nor will it enjoin a tenant from disputing his liability for
the rent, or the fulfillment by the landlord of his part of the con-
tract, in a case not involving a rescission of the contract of lease.
In each case the party has an adequate remedy at law.

Appeals from decrees of the Circuit Court of Buckingham
county, pronounced December 6, 1901, and December 30, 1901,
in a suit in chancery wherein the appellees, Hubard & Ander-
son, trustees, were the complainants, and the appellants and
others were the defendants; and from a decree of said court, pro-
nounced June 22, 1901, in a suit in chancery wherein the appel-
lant was the complainant, and the appellee, Whitehall Tobacco

Warehouse Company, was the defendant; the two appeals being heard together.

. *Affirmed in part.*

The opinion states the case.

*Beasley & Moon,* for the appellants.

*R. T. Hubard, S. S. P. Patteson* and *E. W. Hubard,* fcr the appellees.

KEITH, P., delivered the opinion of the court. .

A. J. Hancock, doing business under the style of the Lynchburg Tobacco Company, in May, 1901, filed a bill in the Circuit Court of Buckingham county, from which it appears that on the 17th of March, 1898, the Whitehall Tobacco Warehouse Company agreed to erect for it and have ready for occupancy October 1, 1898, a tobacco factory at Whitehall, according to the specifications contained in the contract, to be constructed in a substantial manner, and "to be equipped with modern appliances for the proper steaming and handling of tobacco;" that the Lynchburg Tobacco Company was to pay a rental of $450 *per annum,* to commence October 1, 1898; that by an agreement of the same date, the Whitehall Tobacco Warehouse Company leased to the Lynchburg Tobacco Company a tobacco warehouse at Whitehall, in Buckingham county, with fixtures and appurtenances, at a rental of $225 *per annum,* with the privilege to the Lynchburg Tobacco Company to extend the lease upon both the factory and the warehouse for three years from the 1st of October, 1900; that the lessee entered upon the leased premises, and a controversy having arisen between the lessor and the lessee, the latter brought an action of trespass on the case in the year 1900, alleging numerous items of damage which it had sustained by reason of the failure on the part of its lessor to comply with its contract of the 17th of March, 1898, especially charging that it

had been greatly injured by the failure of the Whitehall To-
bacco Warehouse Company to equip the factory with modern ap-
pliances for the proper steaming and handling of tobacco.    The
aggregate amount of damages claimed in this suit by the plain-
tiff was $6,000.    The jury which tried it on the 3d day of May,
1901, gave a verdict of $250, upon which the court rendered
judgment.

The bill further charges that the Warehouse Company is in-
solvent; that it owns no property except the warehouse and fac-
tory, which it has encumbered by a deed of trust to secure
bonds greater in amount than the value of the property, and
therefore the only remedy of the Lynchburg Tobacco Company
is to set off its claim for damages against the demand for rent
made against it; that the proceedings for the collection of the
rent will be tried in the County Court, which has not jurisdiction
of civil cases where more than $100 is involved; that it cannot,
therefore, plead its set-off in that court, and prays that a court of
equity may enjoin the collection of the rent and compel the
Warehouse Company to allow the set-off claimed against it.

The bill concludes with the prayer that all proper accounts
may be taken, including all accounts of the losses hereinbefore
set forth, which complainant is entitled to recover from the de-
fendant; and that the defendants may be enjoined and restrained
from further proceedings, whether by distress warrants or at-
tachment or otherwise, until the further order of the court.

The injunction was awarded in accordance with the prayer
of the bill.

The Whitehall Tobacco Warehouse Company answered this
bill, and filed a bill on its own account in the Circuit Court of
Buckingham county on the 30th of May, 1901, in which it sets
forth the agreement already referred to in the bill of the Lynch-
burg Tobacco Company and details the wrongs it has suffered at
the hands of the Lynchburg Tobacco Company in refusing to pay
its rent, for reasons which need not be recapitulated, but which,

in the opinion of the lessor, were wholly unwarrantable and unconscionable, and equivalent to a repudiation by the Lynchburg Tobacco Company of its contract, and causing irreparable damage to the plaintiff. The prayer of the bill is, that the Lynchburg Tobacco Company may be enjoined "from further disputing the proper equipment of the factory, and from the further refusal to pay the rents" which have accrued; or, as an alternative relief if that should be denied, "that the said contract upon which said false construction was put by said A. J. Hancock may be held and taken as broken by her, and may thereupon be, as to your orator, annulled and rescinded."

On the 9th day of December, 1901, James L. Anderson and E. W. Hubard, trustees, filed their bill in the Circuit Court of Buckingham county, in which they showed that they are trustees under a deed of trust of October 1, 1898, executed by the Whitehall Tobacco Warehouse Company to secure the payment of certain bonds aggregating the sum of $4,000, interest payable semi-annually at six *per cent.*, the principal falling due ten years after date, but with the condition that if default be made upon any part of the interest on the bonds, the whole amount of principal and interest accrued should thereupon be due and payable.

The complainants state that default has been made in the payment of the interest upon all of the bonds; that the taxes are delinquent; that the insurance upon the property has nearly or quite expired, and that the bondholders have required the trustees to take control of the property in order to protect their interests; that no provision is made in the deed for the trustees operating or leasing the property conveyed to them; and that being without remedy they pray that the Whitehall Tobacco Warehouse Company may be made a party defendant; that all proper accounts may be directed, and that a receiver be appointed with authority to lease out the warehouse, so long as to the court it may seem proper, on terms that will secure payment

of the accruing interest and keep the property insured, and if necessary that a sale may be made. A copy of the trust deed is filed as an exhibit with the bill.

The Tobacco Warehouse Company answers the bill, admits its allegations to be true, but suggests that great loss and damage would result from an immediate sale of the property; waives its right to require the trustees to sell upon the terms specified in the deed of trust, professes its willingness to accede to any other terms deemed best by the court, and unites in the prayer for the appointment of a receiver as promotive of the interest of all concerned.

The suits of Hancock against the Whitehall Tobacco Warehouse Company and of the Whitehall Tobacco Warehouse Company against Hancock, came on to be heard together upon the bills, answers, exhibits and affidavits, and, on the 22d day of June, 1901, a decree was entered dissolving the injunction awarded at the suit of the Lynchburg Tobacco Company, and overruling the motion to dissolve the injunction awarded upon the bill by the Whitehall Tobacco Warehouse Company against the Lynchburg Tobacco Company.

We are of opinion that there is no error in so much of the decree as dissolves the injunction in the first-named suit. The plaintiff in that bill had a complete remedy at law. When rent is in arrear the landlord may issue his distress warrant. If a tenant wishes to make defence he gives a forthcoming bond, which, when forfeited, the officer returns to the County Court. See Code, sections 2787, 3004, and 900. When motion is made for judgment upon this bond, the tenant may make any defence which shows that the rent is not due (sec. 3621, Code of Va.), and it was expressly decided in *Allen* v. *Hart*, 18 Gratt. 737, that set-off is an admissible defence upon a motion in a forthcoming bond taken under a warrant of distress.

By the provisions of chapter 160 of the Code, a defendant in a suit for any debt, or in any action on a contract, is given the

most comprehensive right of set-off. In whatever court the defendant may be impleaded, this right of set-off exists to the extent to which it is necessary to make complete defence to the demand of the plaintiff, and there is nothing in the statute fixing the jurisdiction of the county courts which limits or restricts this right.

Section 3046, after enumerating in part the subjects over which the County Court is given jurisdiction, declares that "they shall also have jurisdiction of all causes, motions, and other matters and things made cognizable by law." As we have seen, the forthcoming bond is made cognizable in the County Court, and becomes to all intents and purposes an action over which that court has complete jurisdiction, and in which all proper defences may be made; and, as already observed, set-off is a proper defence to a motion for judgment upon a forthcoming bond given upon a warrant of distress for rent. A court of law, therefore, having ample jurisdiction over the controversy, it would not be proper for us to say more upon the subject. It will be for that court to determine the measure of relief to which the parties litigant are entitled, and it will be for that court to say how far the action at law heretofore brought, and in which the jury rendered a verdict of $250, constitutes a bar to any further recovery of damages for breach of the contract therein set forth.

Plaintiff alleges that the Whitehall Tobacco Warehouse Company is insolvent. That, perhaps, may be taken as true, but if the only property which it possesses is more than covered by the deed of trust resting upon it, and it has no other assets, all of which is averred and relied upon by the Lynchburg Tobacco Company in its bill, then the only relief which is possible, under the circumstances, will be in the nature of a defence to its action for the recovery of rent, and that defence can be made as fully in a court of law as in a court of equity.

We come now to consider so much of the decree as refuses to dissolve the injunction awarded at the instance of the Whitehall

Tobacco Warehouse Company. The case presented in the record is not one for the rescission of the contract, and all other matters which it discloses can be litigated in the proceedings instituted by the Tobacco Warehouse Company for the recovery of the rent which it claims to be due. We are therefore of opinion that there is no error in so much of the decree as dissolves the injunction awarded upon the bill filed by A. J. Hancock, styling herself the Lynchburg Tobacco Company, and it must be affirmed; and that so much of the decree as overrules the motion to dissolve the injunction awarded at the prayer of the Whitehall Tobacco Warehouse Company is erroneous and should be reversed, and this court proceeding to enter such decree as the Circuit Court ought to have entered, it is ordered that both of said bills be dismissed at the costs of the respective plaintiffs.

In the case of *Hancock* v. *Anderson and Hubard, trustees,* while it is true that under the deed of trust there was no lien upon the rents and issues of the property conveyed until a court of equity took charge of it and appointed a receiver for their collection, yet no one was aggrieved by the direction to the receiver to collect the rents already accrued, except the Whitehall Tobacco Warehouse Company, and it is making no objection to the decree. The whole subject of the collection of rents is remitted by what has been said in the cases just disposed of to a court of law. In that court, the tenant may make every just defence, and cannot be considered as prejudiced if he is required to pay what is ascertained to be due to the assignee of his lessor. We are of opinion that the decree in this case should be affirmed.

*Affirmed in part.*