**UNITED STATES of America,
Plaintiff,**

v.

**LELAND DOOR COMPANY, a corporation, Louis F. Davis, Trustee, Township of Suttons Bay, Michigan, Village of Suttons Bay, Michigan, Michigan Employment Security Commission, Michigan Corporation and Securities Commission, and Michigan Department of Revenue, Defendants.**

Civ. A. No. 25208.

United States District Court
E. D. Michigan, S. D.

May 12, 1965.

Robert F. Ritzenhein, Asst. U. S. Dist. Atty., Detroit, Mich., Stephen G. Furth, Atty., Dept. of Justice, Washington, D. C., for the Government.

Frank E. Kenney and G. Wm. Brossard, of Kenney, Rockwell, Kenney & Chapman, Detroit, Mich., for Leland Door and Louis F. Davis, trustee.

Philip A. Clancey of Aylsworth & Clancey, Traverse City, Mich., for Township and Village of Suttons Bay, Mich.

Frank J. Kelley, Atty. Gen. of Mich., George M. Blaty, Asst. Atty. Gen., Detroit, Mich., for Mich. Emp. Sec. Commission.

William R. Rudell, Kelley & Hector Cisneros, Detroit, Mich., for Mich. Corporation and Securities Commission and Mich. Dept. of Revenue.

MACHROWICZ, District Judge.

This is an action instituted by the United States of America to foreclose its tax liens against a fund held by defendant, Louis F. Davis, as trustee under a trust mortgage for the benefit of creditors, of assets of the defendant-taxpayer, Leland Door Company. Davis was appointed trustee for the purpose of liquidating the Leland Door Company and presently holds a balance of Twenty-two Thousand Two Hundred Eight-four and 12/100 Dollars, ($22,284.12) in his hands as such Trustee.

The Government alleges in its complaint that the Leland Door Company was insolvent at the time of the execution of the trust mortgage and that, under Sec. 191 of Title 31 U.S.C. which gives absolute priority to debts owing to the government in cases where a taxpayer is insolvent, the sum now in the hands of the Trustee should be fully applied toward payment of Government liens, regardless of claims of any of the defendants herein against the debtor. More specifically, the Government seeks a decree adjudging and decreeing that the Leland Door Company is indebted to the United States of America in the sum of One Hundred Sixteen Thousand Sixty-five and 30/100 Dollars, ($116,065.30), plus interest as provided by law. Further, the Government seeks an adjudication that said taxpayer was insolvent at the time of the execution of the trust deed, and that pursuant to provisions of Sec. 191, Title 31 U.S.C., the claims of the Government for the unpaid tax assessments set forth in the complaint are entitled to be first satisfied from any and all assets remaining in the possession of the Trustee; that the Court order that the whole of the fund now in the Trustee's hands be turned over to the United States of America in payment of such unpaid taxes and interest; and that upon payment thereof, in accordance with the final determination of this Court, if any part of the liability of the defendant Leland Door Company remains unsatisfied, the United States of America do have and recover judgment against said defendant-taxpayer for the amount thereof, together with interest and costs as provided by law.

Defendant-trustee, in his pleadings, makes no claim on the fund and asks

only that the Court determine the ownership thereof.

The Township of Suttons Bay, the Michigan Corporation and Securities Commission and the Michigan Employment Security Commission are the only defendants who have filed any pleadings in which a claim is made against the fund.

The Government filed a motion for a summary judgment on the ground that, as a matter of law, it is entitled to an award of the entire fund now before the Court, in partial satisfaction of its tax liens. In support of the motion it relies on a deposition of Trustee Davis and an affidavit of the District Director of Internal Revenue.

The sworn deposition was taken of Trustee Davis and was filed herein. In the deposition he testified, from records of the taxpayer turned over to him, that the debts of the company were four or five times greater than its assets.

Subsequent to the date on which its pleadings were filed, the Michigan Employment Security Commission, through its attorney advised the Government that it would not challenge the priority of the Government to the fund in question, in view of the provisions of Title 31, Sec. 191, U.S.C.

The Michigan Corporation and Securities Commission asserted two liens, each in the amount of Two Hundred Eighty-nine and 25/100 Dollars, ($289.25), one created on May 15th, 1960 and the other a year later. This defendant does not challenge application of the law on the issue of priority but it did question, at the time of the hearing on the motion for summary judgment, the use of the Trustee's sworn deposition to establish insolvency.

The Township of Suttons Bay bases a claim of One Thousand Four Hundred and Four and 30/100 Dollars, ($1,404.30) upon taxes assessed for 1960 which it contends became a lien against property of the taxpayer on December 20, 1960. The Township alleges in its answer to the complaint that its lien was in the process of being perfected prior to any action by the Government but that the Trustee induced the Township not to perfect its lien as the Trustee would recognize priority of said claim. The Township further alleges, pursuant to this agreement, that it waived its lien-holding rights in the actual physical assets of the taxpayer, in exchange for a lien against any funds received by the Trustee from sale of the taxpayer's assets and a priority to receiving payment therefrom.

The Township of Suttons Bay did not appear at the hearing on the motion for summary judgment but did file a memorandum of authorities in support of its claim, after the hearing on the motion. It argues that the liability of the taxpayer to it arose prior to liability to the Government and that, although no physical possession of the assets subject to defendant's lien was taken by defendant, under Sec. 7.81 M.S.A., Comp.Laws 1948, § 211.40 [P.A.1958, No. 209], all taxes became a debt to defendant on the tax day provided for in the law; that the amount of the assessment became a lien upon property upon which the tax was assessed; and that the lien continues in effect until payment. Priority is claimed over any claim made in behalf of the Government because the Township's lien came into being prior to assessment by the Government.

Defendant, Township of Suttons Bay, does not in its brief dispute the insolvency of the taxpayer but relies on the decision of the Michigan Supreme Court in In the Matter of Ever Krisp Food Products Co., 307 Mich. 182, 11 N.W.2d 852 (1943) to accord priority to liens of the type claimed by the Township even in cases where the provisions of Sec. 191, Title 31 U.S.C. apply. In that case a judicial exception was applied to the absolute priority rule because a specific and perfected lien was involved and such liens were regarded as outside the provisions of the absolute priority rule.

The judicial exception to the absolute priority rule and the test of specificity is discussed in United States v. Gilbert

Associates, Inc., 345 U.S. 361, p. 366, 73 S.Ct. 701, p. 704, 97 L.Ed. 1071 (1953), in the following language:

"In claims of this type 'specificity' requires that the lien be attached to certain property by reducing it to possession, on the theory that the United States has no claim against property no longer in the possession of the debtor. Thelusson v. Smith, 2 Wheat. 396, 4 L.Ed. 271. Until such possession, it remains a general lien. There is no ground for the contention here that the Town had perfected its lien by reducing the property to possession. The record reveals no such action. The mere attachment of the Town's lien before the recording of the federal lien does not, contrary to the holding of the Supreme Court of New Hampshire, give the Town priority over the United States. The taxpayer had not been divested by the Town of either title or possession. The Town, therefore, had only a general, unperfected lien. United States v. Waddill, Holland & Flinn, Inc., supra [323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294]; People of State of Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 370, 67 S.Ct. 340, 345, 91 L.Ed. 348. Where the lien of the Town and that of the Federal Government are both general, *and the taxpayer is insolvent,* § 3466 clearly awards priority to the United States. United States v. State of Texas, 314 U.S. 480, 488, 62 S.Ct. 350, 354, 86 L.Ed. 356." (Emphasis added.)

Since these standards were not applied by the Supreme Court of Michigan in the Ever Krisp case, that decision is not controlling here.

In the instant case the defendant Township took no further steps, after assessing the taxes, to divest the taxpayer of title or possession. The test of specificity established in the Gilbert Associates case, as applied to facts in the present suit, clearly entitles the Government to priority over the lien of the Township.

Upon hearing of the motion for summary judgment all parties were afforded an opportunity to submit evidence to refute the Government's claim that the defendant-taxpayer, Leland Door Company, was insolvent. No evidence having been presented, and the unrefuted sworn testimony of the Trustee on deposition, of which all parties had notice and at which they could appear and cross-examine the deponent, affords sufficient proof to the Court to warrant a finding of insolvency of the taxpayer-defendant, Leland Door Company.

It should be noted that the Trustee was interested solely in liquidation of the taxpayer-company and assumed no position in these proceedings on the question of priority in favor of any party.

For the reasons herein stated the motion of the plaintiff, United States of America, for summary judgment, is hereby granted and the plaintiff may present an appropriate order for signature and entry.