**UNITED STATES of America,**
**Plaintiff,**

v.

**Louis F. DAVIS, Trustee, Midwest Steel Fabricators, Inc., County of Wayne, Michigan Corporation and Securities Commission, Michigan Department of Revenue, Michigan Employment Security Commission, Defendants.**

**Civ. No. 23847.**

United States District Court
E. D. Michigan, S. D.
Oct. 7, 1965.

Lawrence Gubow, Robert F. Ritzenhein, Detroit, Mich., for plaintiff.

Kenney, Rockwell, Kenney & Chapman, Detroit, Mich., for defendants Louis Davis and Midwest Steel Fabricators, Inc.

Burns, Boigon & Winston, Detroit, Mich., for defendant Midwest Steel Fabricators, Inc.

Sam'l H. Olsen, Aloysius J. Suchy and William F. Koney, Detroit, Mich., for defendant County of Wayne.

Frank J. Kelley, Francis Edwards and Philip Wuntner, Detroit, Mich., for defendants Mich. Corp. and Securities Comm., Mich. Dept of Revenue and Mich. Employment Security Comm.

KAESS, *District Judge.*

This is an action instituted by the United States of America to foreclose certain tax liens against a fund held by defendant Louis F. Davis, as Trustee, of assets of the defendant-taxpayer, Midwest Steel Fabricators, Inc., under a trust mortgage for the benefit of creditors of assets.

The trust mortgage was executed on April 29, 1961, for the purpose of completing existing contracts and liquidating the company. The Trustee carried out the contracts, realized profits, collected the accounts receivable and liquidated the assets by public auction. The total fund remaining after the payment of certain expenses was $13,034.97.[1] Tax claims in

---

1. At this time the Trustee paid $2,064.00 to the City of Detroit in full payment of 1960 and 1961 personal property taxes. The City had levied upon and seized the personal property of Midwest Steel Fabricators, Inc. on April 27, 1961 for failure to pay the 1960 personal property tax of $724.05, and on May 2, 1961 had recorded a jeopardy tax assessment affidavit, pursuant to Michigan Statutes Annotated Section 7.51(1)–7.51(7), which stated that a 1961 personal property tax in the amount of $1,509.92 had been levied and assessed upon the personal property of Midwest Steel Fabricators, Inc. On May 2, 1961, subsequent to the filing of this jeopardy affidavit, the City of Detroit released the property to the Trustee, on condition that he would sell

the amount of $24,066.10 were filed by various taxing authorities. By agreement, the Internal Revenue Service was paid $8,210.08 on a lien which all agreed was prior. In this action, the United States seeks to foreclose other tax liens against the remaining $4,824.89, by virtue of four tax assessments made against the Midwest Steel Fabricators, Inc., the pertinent facts of which are summarized as follows:

| Period of tax | Date of Assessment | Amt. Outstanding on Original Assessment | Amt. Interest Accrued to 4/29/61 |
|---|---|---|---|
| 4Q 1959 | 2/26/60 | $1,230.68 | $90.86 |
| 4Q 1960 | 2/24/61 | 2,252.32 | 33.45 |
| 1Q 1961 | 6/2/61 | 3,660.42 | 0 |
| 2Q 1961 | 6/2/61 | 881.56 | 0 |

Other tax liens against this fund are:

| Date of Lien | Taxing Authority | Amount of Lien |
|---|---|---|
| 12/1/60 | Wayne County | $ 197.08 |
| 4/25/61 | Michigan Employment Securities Comn. | 914.23 |
| 5/3/61 | Wayne County | 247.88 |
| 5/15/61 | Michigan Corporation & Securities Comn. | 39.50 |
| 7/7/61 | Michigan Dept. of Revenue        (2) | 4195.34 |
| 7/25/61 | Michigan Employment Security Comn. | 235.27 |

The Trustee makes no claim on the fund and asks only that the Court determine the ownership thereof.

The United States filed a motion for a summary judgment on the ground that, as a matter of law, it is entitled to an award of the entire fund now before the Court, in partial satisfaction of its tax liens. In support of the motion it relies upon the statement of facts filed with the Court by defendant Trustee Davis and affidavits of the District Director of Internal Revenue.

Section 6321 of the Internal Revenue Code of 1954 creates a lien against all property or rights to property belonging to the taxpayer.[2] This lien attaches to the property on the date of assessment pursuant to Section 6322 of the Internal Revenue Code of 1954.[3]

The Federal government claims $3,804.39 on a theory set forth in United States v. City of New Britain, 347 U.S.

it and pay the City in full. The City of Detroit moved to intervene in the instant case. The motion was denied, but the City was allowed to file a brief Amicus Curiae.

2. Sec. 6321. LIEN FOR TAXES
If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. (26 U.S.C. § 6321)

3. Sec. 6322. PERIOD OF LIEN
Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time. (26 U.S.C. § 6322)

81, 74 S.Ct. 367, 98 L.Ed. 520 (1954), that local tax liens compete with Federal tax liens on a first in time, first in right basis, the priority of each lien depending on the time it attached and became choate. Since a Federal lien arises on the date of assessment, following this principle the fund would be substantially used up by four of the claims in the following order:

|  | Amount | Lien Date |
|---|---|---|
| Internal Revenue Service | $1,321.54 | 2–26–60 |
| Wayne County | 197.08 | 12–1–60 |
| Internal Revenue Service | 2,285.77 | 2–24–61 |
| Michigan Employment Security Commission | 941.23 | 4–25–61 |

All parties accept this principle and there is no dispute as to its application.

However, in addition to this theory of priority the United States is also claiming a priority pursuant to Revised Statute § 3466, 31 U.S.C. § 191.[4] This Section provides that claims of the United States against any person who is insolvent have absolute priority. It is clear from the pleadings that Midwest Steel Fabricators, Inc. was insolvent at the time of the execution of the trust mortgage. This is not now disputed by the County, which is the only defendant actively contesting this motion.

■ It has been held by state and lower Federal courts that the priority accorded by Section 3466 is not equivalent to a specific and perfected lien, e. g. United States v. O'Dell, 160 F.2d 304 (6th Cir. 1945); New York v. United States, 106 F.2d 210 (3 Cir. 1939); United States v. South Carolina, 227 S.C. 187, 87 S.E.2d 577 (1955). Although the Supreme Court, in United States v. Gilbert Associates, 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071 (1953), remarked that it has never actually held that there is

such an exception, the Federal government does not here contest its existence.

The County of Wayne asserts that it had a prior specific and perfected lien for unpaid ad valorem property taxes pursuant to local acts and the General Property Tax Law of Michigan [Comp. Laws 1948, § 211.1 et seq.].[5] It argues that the liability of the taxpayer to the County arose prior to the assessment by the Federal government and that, although no physical possession of the assets subject to the County's lien were taken, under Section 7.81 Michigan Statutes Annotated, all taxes became a debt owed to and a lien in favor of the County on the tax day provided for in the law. The County relies upon the decision of the Michigan Supreme Court in In re Ever Krisp Food Products Co., 307 Mich. 182, 11 N.W.2d 852 (1943), which applied the judicial exception to the absolute priority rule and held that a lien is specific and perfected when nothing further need be done to perfect it. This decision was followed by the Court of Appeals for the Sixth Circuit in United States v. O'Dell, supra.

4. "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not hav

ing sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

5. Michigan Statutes Annotated § 7.1 et seq.

■ However, several years later, in United States v. Gilbert Associates, supra, the United States Supreme Court enunciated the test of specificity in the following language, 345 U.S. at page 366, 73 S.Ct. at page 704:

"In claims of this type, 'specificity' requires that the lien be attached to certain property by reducing it to possession, on the theory that the United States has no claim against property no longer in the possession of the debtor. Thelusson v. Smith, 2 Wheat. 396 [4 L.Ed. 271]. Until such possession, it remains a general lien. There is no ground for the contention here that the Town had perfected its lien by reducing the property to possession. The record reveals no such action. The mere attachment of the Town's lien before the recording of the federal lien does not, contrary to the holding of the Supreme Court of New Hampshire, give the Town priority over the United States. The taxpayer had not been divested by the Town of either title or possession. The Town, therefore, had only a general, unperfected lien. United States v. Waddill [Holland & Flinn, Inc.], supra [323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294]; [People of State of] Illinois [ex rel. Gordon] v. Campbell, 329 U.S. 362, 370 [67 S.Ct. 340, 91 L. Ed. 348]. Where the lien of the Town and that of the Federal Government are both general, and the taxpayer is insolvent, § 3466 clearly awards priority to the United States. United States v. [State of] Texas, 314 U.S. 480, 488 [62 S.Ct. 350, 354, 86 L.Ed. 356]."

Since the standard of specificity set forth in United States v. Gilbert Associates, Inc., supra, was not applied in O'Dell and Ever-Krisp, those decisions are not controlling here. United States v. Leland Door Co., 243 F.Supp. 918 (E. D.Mich. May 12, 1965).

■ It is asserted that the recent decision of the Supreme Court in United States v. Vermont, 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964) changes this result and holds that it is not necessary for the County to reduce the property of the taxpayer to its possession in order to have a specific and perfected lien. However, that case dealt with a solvent taxpayer, and the Court expressly differentiated it from the situation involving an insolvent taxpayer, quoting, 377 U.S. at page 358, 84 S.Ct. at page 1271, from the City of New Britain case:

" 'When the debtor is insolvent, Congress has expressly given priority to the payment of indebtedness owing the United States, whether secured by liens or otherwise, by § 3466 of the Revised Statutes, 31 U.S.C. * * * § 191. In that circumstance, where all the property of the debtor is involved, Congress has protected the federal revenues by imposing an absolute priority [citing United States v. Gilbert Associates, 345 U.S. 361 [73 S.Ct. 701, 97 L.Ed. 1071]; United States v. Waddill, Holland & Flinn, 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294]. Where the debtor is not insolvent Congress has failed to expressly provide for federal priority * * * although the United States is free to pursue the whole of the debtor's property wherever situated.' United States v. City of New Britain, 347 U.S. 81, 85 [74 S.Ct. 367, 370, 98 L.Ed. 520].''

■ In this instant case it is not disputed that while the County complied with the statutory requirements for a specific and perfected lien, it did not reduce the property of the insolvent taxpayer to possession. Thus, the lien of the County does not meet the standard of specificity set forth in United States v. Gilbert Associates, supra. Although the "first in time, first in right" policy, followed by the Internal Revenue Service for many years, seems to be the more equitable procedure, Section 3466, as interpreted by the United States Supreme Court, dictates otherwise and must be followed.

Therefore, it is ordered the motion of the United States for summary judgment is granted, and that of the County of Wayne is denied.