UNITED STATES of America, George S. McIntyre and National Bank of Detroit, Plaintiffs,

v.

HADDIX & SONS, INC., and Haddix & Sons Elevators, Inc., Defendants.

No. 22748.

United States District Court
E. D. Michigan, S. D.
March 22, 1966.

See also D.C., 249 F.Supp. 88.

John H. Shepherd, Detroit, Mich., for the United States.

Philip Costello, Weipert & Costello, Monroe, Mich., for receiver.

M. S. Klein, Flint, Mich., receiver.

William R. Ruddell, Asst. Atty. Gen., Detroit, Mich., for the State of Michigan.

FREEMAN, District Judge.

In this case involving competing claims to property in receivership, the State of Michigan, Department of Revenue, has asserted a claim for use taxes and business activities taxes, the liens for which became effective under Michigan law prior to the date of receivership on July 11, 1962. The total amount of the claim for use taxes is $3803.79, including interest, and the total claim for business activities taxes is $266.86, with interest included.

The United States contends that it is entitled to a priority in payment of its claims over the claims of the State of Michigan, according to 31 U.S.C. § 191, which, in pertinent part provides:

> "Whenever any person indebted to the United States is insolvent * * * the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof * * * as to cases in which an act of bankruptcy is committed."

It is apparently undisputed that § 191 creates only a priority in favor of the Government, and not a lien. United States v. O'Dell, 160 F.2d 304, 306 (CCA6, 1947). The United States does not appear to question the existence of a judicial exception to the statutory priority created by § 191. Under such exception, specific and perfected liens taking effect prior to the date of receivership take priority over general claims of the United States, despite § 191. The State of Michigan, Department of Revenue, contends that although no property of the debtor was reduced to the Department's possession, its liens for use and business activities taxes were, nevertheless, specific and perfected under Michigan law so as to take priority over the claims of the United States, relying on the case of In re Ever Krisp Food Products Co., 307 Mich. 182, 11 N.W.2d 852 (1943).

In the *Ever Krisp Food Products Co.* case, the Michigan Supreme Court held that a specific and perfected tax lien imposed by state law takes precedence over a later priority claim of the United States under § 191, and that the particular state lien in question was perfected under state law, although the lienor reduced no property of the debtor to possession.

Whether a lien created by state statute is of such character as to give it priority over a claim of the United States is a matter governed by federal law. In United States v. Waddill, Holland & Flinn, Inc., 323 U.S. 353, 356–357, 65 S.Ct. 304, 306, 89 L.Ed. 294 (1945), the Supreme Court said:

"But it is a matter of federal law as to whether a lien created by state statute is sufficiently specific and perfected to raise questions as to the applicability of the priority given the claims of the United States by an act of Congress. If the priority of the United States is ever to be displaced by a local statutory lien, federal courts must be free to examine the lien's actual legal effect upon the parties. A state court's characterization of a lien as specific and perfected, however conclusive as a matter of state law, cannot operate by itself to impair or supersede a long-standing Congressional declaration of priority."

Under federal law, a lien cannot be considered specific and perfected so as to defeat a Government priority under § 191 unless property of the debtor is reduced to possession by the lienor. Thus, in United States v. Gilbert Associates, Inc., 345 U.S. 361, 366, 73 S.Ct. 701, 704, 97 L.Ed. 1071 (1953), the Court stated:

"In claims of this type 'specificity' requires that the lien be attached to certain property by reducing it to possession, on the theory that the United States has no claim against property no longer in the possession of the debtor. Thelusson v. Smith, 2 Wheat. 396 [4 L.Ed. 271]. Until such possession, it remains a general lien. There is no ground for the contention here that the Town had perfected its lien by reducing the property to possession. The record reveals no such action. The mere attachment of the Town's lien before the recording of the federal lien does not, contrary to the holding of the Supreme Court of New Hampshire, give the Town priority over the United States. The taxpayer had not been divested by the Town of either title or possession. The Town, therefore, had only a general, unperfected lien. United States v. Waddill Co., supra; [People of State of] Illinois [ex rel. Gordon] v. Campbell, 329 U.S. 362, 370 [67 S.Ct. 340, 345, 91 L.Ed. 348]. Where the lien of the Town and that of the Federal Government are both general, and the taxpayer is insolvent, § 3466 [31 U.S.C. § 191] clearly awards priority to the United States. United States v. [State of] Texas, 314 U.S. 480, 488 [62 S.Ct. 350, 354, 86 L.Ed. 356]."

Two recent cases in this district have held on similar facts that liens imposed by state law, although specific and perfected according to state law as stated in the *Ever Krisp Food Products Co.* case supra, can, nevertheless, not be consider-

ed specific and perfected under controlling federal law as stated in the *Gilbert Associates* case, supra, where the lienor has not reduced any of the debtor's property to possession. United States v. Leland Door Company, 243 F.Supp. 918 (E.D.Mich.1965) (opinion by Machrowicz, J.); United States v. Davis, 247 F. Supp. 84 (E.D.Mich.1965) (opinion by Kaess, J.). It is clear that under the facts of the instant case also, the opinion of the Michigan Supreme Court in the *Ever Krisp Food Products Co.* case is not controlling so as to give the liens of the State of Michigan, Department of Revenue, priority over the claims of the Federal Government.

Since the State of Michigan, Department of Revenue, reduced no property of the debtor to possession in the instant case, the controlling federal law as stated in the *Gilbert Associates* case requires this Court to hold that the liens for use and business activities taxes are general, unperfected liens which are subject to the statutory priority of Federal Government claims, under 31 U.S.C. § 191. The claim of the State of Michigan, Department of Revenue, to priority must, therefore, be denied. An appropriate order may be submitted.