**William C. MAGUIRE, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

**Civ. A. No. 32897.**

United States District Court, E. D. Michigan, S. D.

June 25, 1971.

John E. Young, Elsman, Young & O'Rourke, Detroit, Mich., for plaintiff.

Michael M. Glusac, Corp. Counsel, Julius C. Pliskow, Joseph Maisano, Assts. Corp. Counsel, Detroit, Mich., for defendant City of Detroit.

William L. Cahalan, Pros. Atty., William F. Koney, Asst. Pros. Atty., Detroit, Mich., for defendant County of Wayne.

Ralph B. Guy, Jr., U. S. Atty., Harold Hood, Asst. U. S. Atty., Detroit, Mich., for defendant United States.

## OPINION

RALPH M. FREEMAN, Chief Judge.

A complaint for interpleader was filed by plaintiff William C. Maguire as Trustee-Mortgagee under a Trust Mortgage Indenture Agreement entered into between himself and Pioneer Water Conditioning of Michigan, Inc., the Mortgagor. Pursuant to this Indenture Agreement, plaintiff reduced all the assets of Pioneer to money in the sum of $2,754.-26, a portion of which is, according to the complaint, claimed by the defendants City of Detroit, County of Wayne, and State of Michigan for the satisfaction of certain taxes owed by the Mortgagor to each defendant and secured by liens on the Mortgagor's property. This same sum of money is similarly claimed *in toto* by the defendant United States for unpaid Federal withholding and employment taxes which Pioneer owes the United States Government, and which claim the United States asserts is paramount to those of the other defendants.

Since the institution of this action, the court has made several rulings. On October 10, 1969, Odilla Maguire, Executrix of the Estate of William C. Maguire, now deceased, was substituted as party plaintiff, and an order entered discharging plaintiff from further liability upon the deposit with the court of $1,469.31, which sum represents the sale value of Pioneer's assets minus trustee's and attorneys' fees. On that same day, a default judgment was entered against defendant State of Michigan for failing to plead or otherwise defend itself as required by law. More recently, on February 16, 1970, the defendant County of Wayne conceded on oral argument that the United States' claim for back taxes has priority over any claim the County might have to the interpleaded funds. Hence, the only dispute still unsettled in the present lawsuit concerns the respective rights of the United States and the City of Detroit to the $1,469.31 on deposit with the court.

The United States maintains that it is entitled to the entire $1,469.31 because its claim for unpaid taxes against the Mortgagor is in excess of this amount and is given priority over the City of Detroit's lien for taxes under Title 31 U.S.C. § 191 (§ 3466 of the Rev.Stats.). The City of Detroit, on the other hand, contends that it possesses a lien for personal property taxes in the amount of $207.26, which is entitled to payment out of the interpleaded funds prior to the satisfaction of the United States Government's claim. Both the United States and the City have filed motions for summary judgment on their respective claims with each alleging that there is no material issue of fact unresolved and that it is entitled to judgment as a matter of law.

Indeed, the material facts are not in dispute. On November 21, 1963, Pioneer executed a Mortgage Trust Indenture Agreement which stated that Pioneer was indebted to its creditors for $55,000 and that it was mortgaging all assets to William C. Maguire as Trustee-Mortgagee, in an effort to pay those creditors. Subsequently, the Indenture Agreement was filed with the Register of Wayne County, but not, according to the affidavit of the Chief Deputy Clerk for Wayne County, with the Clerk of the Court of Wayne County.

Eight days after the conclusion of this Indenture Agreement, on November 29, 1963, the City of Detroit served a notice of levy on the Trustee, Maguire, for Pioneer's assets which were still in the Trustee's possession. The tax lien so levied resulted from Pioneer's failure to pay over to the City the 1963 personal property taxes assessed against Pioneer.

Under Michigan law, that assessment became a lien on Pioneer's assets on July 15, 1963. At the time of the levy of this lien, Pioneer was also indebted to the United States for its 1963 Federal withholding and employment taxes which had accrued prior to Pioneer's assignment of assets in a sum exceeding the amount of interpleaded funds. Subsequently, William C. Maguire, acting as Trustee, sold the assets of Pioneer. It is the moneys collected from this sale that both the United States and the City claim should be used to satisfy their respective claims.

▇ We believe that on these facts, Title 31 U.S.C. § 191 (§ 3466 of the Rev.Stats.) gives the United States' claim for back taxes against Pioneer priority over the lien for taxes levied by the City of Detroit. That Section provides, in pertinent part:

"Whenever any person indebted to the United States is insolvent, * * * the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, * * * as to cases in which an act of bankruptcy is committed."

In construing this Section, the Sixth Circuit Court of Appeals stated:

"Whether or not the United States is entitled to assert a priority depends upon a determination of the debtor's insolvency, as manifested in Section 191. Not only must a debtor be unable to meet his debts as they mature, but also the insolvency must be disclosed in one of three modes: (1) A voluntary assignment, * * *

The filing of a Chapter XIII petition by the Debtor, while insolvent, was sufficient to invoke the priority of the United States as a voluntary assignment under 31 U.S.C., Section 191." In Re Belkin, 358 F.2d 378, 381–382 (6th Cir. 1966).

Here, the City of Detroit concedes that Pioneer's inability to meet its debts of $55,000 was manifested by the Trust Indenture Agreement which constituted a voluntary assignment for the benefit of creditors within the meaning of 31 U.S.C. § 191 (§ 3466 of the Rev.Stats.), but contends that the assignment was of no legal effect under Michigan law because it was not properly filed in accordance with the provisions of M.S.A. § 27A.-5201, M.C.L.A. § 600.5201. § 27A.5201 M.S.A. requires the trustee-assignee to file with the Clerk of the appropriate Circuit Court, within ten days of execution of an assignment for the benefit of creditors, a surety bond, a list of the trustee-assignee's creditors as well as the creditors of the assignor, and a list of the assigned property, or the assignment is void under Michigan law. The City maintains that none of the requirements of M.S.A. § 27A.5201 were met by Trustee Maguire, which would mean that Pioneer's assignment for the benefit of creditors would be void under Michigan law. Hence, according to the City, the Trust Indenture Agreement did not constitute a manifestation of Pioneer's insolvency within the meaning of § 191, and the § 191 priority is inapplicable in the present proceedings.

▇ We do not believe, however, that a failure to meet state recording requirements can affect the right to priority for payment of debts created by 31 U.S.C., § 191 (Rev.Stats. § 3466). As long as insolvency is manifested by an assignment of the debtor's property for the benefit of creditors—and the City admits that the Trust Indenture Agreement was such an assignment—the priority provided for by § 191 should attach regardless of the validity of the assignment under state law. For as the Supreme Court early noted in discussing this priority:

"The priority given the United States cannot be impaired or superseded by state law." United States v. Oklahoma, 261 U.S. 253, 43 S.Ct. 295, 67 L.Ed. 638 (1923).

Indeed, even more to the point, the Supreme Court has said of § 191 [§ 3466 Rev.Stats.]:

"The specified ways in which insolvency may be manifested include all cases in which an insolvent debtor makes an assignment of his property; there is no exception, and no regard is had to the purpose *or manner of the assignment*; * * *" (Emphasis added) Bramwell v. U. S. Fidelity & Guaranty Co., 269 U.S. 483, 488–489, 46 S.Ct. 176, 70 L.Ed. 368 (1926).

Thus, in the present action, it is irrelevant to the Government's priority under § 191 that the assignment was, or was not, filed in accordance with Michigan recording requirements, since it is clear that such an assignment was in fact made for the benefit of creditors and the insolvent debtor's property sold pursuant to it.

Nevertheless, there is a judicial exception to the statutory priority created by § 191. Under this exception, specific and perfected liens taking effect prior to the debtor's manifestation of insolvency —here the voluntary assignment—take priority over general claims of the United States despite the existence of § 191. But Federal law, which the Supreme Court held in United States v. Waddill, Holland & Flinn, Inc., 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294 (1945) must be used to resolve the issue of *specificity and perfection*, provides that a lien created by state law cannot be deemed specific and perfected so as to defeat United States priority under § 191 unless the property of the debtor is reduced to possession by the lienor.

"In claims of this type, 'specificity' requires that the lien be attached to certain property by reducing it to possession, on the theory that the United States has no claim against property no longer in the possession of the debtor. * * * Until such possession, it remains a general lien. There is no ground for the contention here that the Town had perfected its lien by reducing the property to possession. The record reveals no such action. * * * The Town, therefore, had only a general, unperfected lien. * * * Where the lien of the Town and that of the Federal Government are both general, and the taxpayer is insolvent, § 3466 [31 U.S.C. § 191] clearly awards priority to the United States." United States v. Gilbert Associates, Inc., 345 U.S. 361, 366, 73 S. Ct. 701, 704, 97 L.Ed. 1071 (1953).

Further, this court itself has held that liens granted by state law, although specific and perfected according to state law, can nevertheless not be considered specific and perfected under Federal law until the lienor has reduced the debtor's property to possession. United States v. Haddix & Sons, Inc., 252 F.Supp. 634 (E.D.Mich.1966).

Here, the City did not begin to reduce its lien to possession of the debtor's property until November 29, 1963, the date of levy, which was eight days after the insolvent debtor's voluntary assignment for the benefit of creditors. On the date of the assignment, therefore, the City had only a general, inchoate lien and cannot consequently prevail over the general tax debt due the United States which is given priority under § 191.

For these reasons, the United States' motion for summary judgment is granted, and the City of Detroit's motion for summary judgment denied.

An appropriate order *may be submitted.*