Charles E. JONES, doing business as Chuck Jones Well Drilling, Plaintiff,

v.

Virgil Ray LICKLEY and Darlene E. Lickley, husband and wife, and the United States of America, Defendants.

Civ. No. 77–1172.

United States District Court, D. Idaho.

June 1, 1978.

Donald A. Ronayne, Rayborn, Rayborn & Ronayne, Twin Falls, Idaho, A. L. Blandford, Blandford & Blandford, Kimberly, Idaho, for plaintiff.

Emil F. Pike, Twin Falls, Idaho, for defendants Lickley.

M. Karl Shurtliff, U. S. Atty., Boise, Idaho, for defendant United States of America.

## MEMORANDUM DECISION

CALLISTER, District Judge.

In ruling on the pending motions for summary judgment, the Court finds the following facts to be undisputed:

1. Plaintiff commenced the drilling of an irrigation well and domestic well on property owned by defendants Lickley on April 18, 1977.

2. He ceased to perform such labor and furnish materials therefor on July 26, 1977.

3. Plaintiff filed a notice and claim of mechanics' and materialmen's lien on August 26, 1977, one month after he finished drilling, and commenced this action to foreclose his lien on September 29, 1977, approximately one month after filing the claim.

4. The defendant, the United States of America, acting through the Farmers Home Administration ("FmHA") of the United States Department of Agriculture, acquired an interest, claim and lien in and upon the same property owned by Lickleys by virtue of a mortgage made, executed and delivered to it by defendants Lickley, which mortgage is dated June 17, 1977, and was recorded on the same date in the office of the Jerome County Recorder in Idaho.

5. The United States is named as a defendant by virtue of its interest, claim and lien in and upon the Lickley property.

The sole legal issue before the Court is whether the FmHA lien has priority over plaintiff's mechanics' and materialmen's lien. Based upon the above facts, it is the opinion of the Court that the FmHA lien has priority and that the legal issue before the Court is ripe for summary judgment.

It is settled that federal law governs in determining the rights and obligations of the United States under security instruments such as the FmHA mortgages here involved. *Bellegarde Custom Kitchens v. Select-A-Home, Inc.*, 385 F.Supp. 318, 321 (D.C.1974), citing *Clearfield Trust Co. v. United States*, 318 U.S. 363, 366, 63 S.Ct. 573, 87 L.Ed. 838 (1943); *United States v. Security Trust & Savings Bank*, 340 U.S. 47, 49, 71 S.Ct. 111, 95 L.Ed. 53 (1950); *T. H. Rogers Lumber Co. v. Apel*, 468 F.2d 14, 17 (10th Cir. 1972); *United States v. First National Bank & Trust Company of Fargo, North Dakota*, 386 F.2d 646, 647 (8th Cir. 1967); *Fred W. Beal, Inc. v. Allen*, 287 F.Supp. 126, 129 (D.C.1968). It is also settled that, in the absence of a federal statute, the federal rule for determining the relative priority of federal and state-created liens is "first in time, first in right." *Rankin v. Scott*, 12 Wheat., 177, 179, 25 U.S. 177, 6 L.Ed. 592 (1827); *United States v. New Britain*, 347 U.S. 81, 85–86, 74 S.Ct. 367, 98 L.Ed. 520 (1954); *Director of Revenue, State of Colorado v. United States*, 392 F.2d 307, 313 (10th Cir. 1968); *Southwest Engine Co. v. United States*, 275 F.2d 106, 107 (10th Cir. 1960); *United States v. Latrobe Construction Co.*, 246 F.2d 357 (8th Cir.), *cert. denied*, 355 U.S. 890, 78 S.Ct. 262, 2 L.Ed.2d 189 (1957). In applying the federal "first in time, first in right" rule, the Supreme Court has consistently held that in order for a nonfederal lien to be entitled to priority over a federal lien, the nonfederal lien must be "choate" at the time the federal lien arises. *Custom Kitchens, supra* at 321, citing *United States v. New Britain,*

*supra* 347 U.S. at 84, 74 S.Ct. 367; *United States v. Waddill Co.*, 323 U.S. 353, 356–357, 65 S.Ct. 304, 89 L.Ed. 294 (1945); *United States v. Security Trust & Savings Bank*, *supra* 340 U.S. at 50, 71 S.Ct. 111. The Supreme Court has also firmly established that this requirement of choateness is met only if "the identity of the lienor, the property subject to the lien, and the amount of the lien are established," *Custom Kitchens*, *supra* at 321, citing *United States v. New Britain*, *supra* 347 U.S. at 84, 74 S.Ct. at 369, and that a nonfederal lien is not choate until the claim is final and not subject to a judicial contest as to its validity and amount. *Custom Kitchens, supra* at 321, citing *United States v. Security Trust & Savings Bank, supra* 340 U.S. at 50, 71 S.Ct. 111. Furthermore, the Supreme Court has made clear that the determination of whether a nonfederal lien is choate at the crucial time must be made in accordance with federal law, and the fact that state law characterizes the lien as choate is not binding on the federal government. *Custom Kitchens, supra* at 321, citing *United States v. New Britain, supra* 347 U.S. at 84, 74 S.Ct. 367; *United States v. Waddill Co., supra* 323 U.S. at 356–357, 65 S.Ct. 304.

■ In the present case, the record discloses that plaintiff's lien was not filed until well after the FmHA mortgage was recorded. Although material and labor had been furnished prior to the recording of the FmHA mortgage, the lien was uncertain as to amount and was subject to dissolution if not perfected by the filing of a lien certificate and the commencement of enforcement action within the time periods prescribed by the Idaho Liens of Mechanics' and Materialmen's law, Idaho Code §§ 45–507 and 45–510. Under federal law these conditions made plaintiff's lien inchoate.

In reaching this conclusion, the Court is fully aware that some federal courts have been persuaded that the enactment by Congress of the Federal Tax Lien Act of 1966, Pub.L. 89–719, 80 Stat. 1125, amending 26 U.S.C. § 6323, which subordinated federal tax liens to various other state security interests, including state mechanics' liens, evidences a general policy to subordinate all federal liens to liens created by state law. *Custom Kitchens, supra* at 322, citing *Connecticut Mutual Life Insurance v. Carter*, 446 F.2d 136 (5th Cir.), *cert. denied*, 404 U.S. 1000, 92 S.Ct. 563, 30 L.Ed.2d 553 (1971), (lien for attorneys' fees given priority over FHA (sic) mortgage lien); *United States v. California-Oregon Plywood, Inc.*, 527 F.2d 687 (9th Cir. 1975) (state tax lien given priority over Small Business Administration ("SBA") security interest); *Ault v. Harris*, 317 F.Supp. 373 (D.Alaska 1968), *aff'd per curiam*, 432 F.2d 441 (9th Cir. 1970) (mechanics' lien given priority over SBA mortgage lien). Two of the cases were of the view that if Congress was willing to subordinate the interest of the federal treasury to local rules in the area of tax collection, the policy considerations which led it to do so should be at least as compelling where the United States is acting "as a mere money-lending agency." *Ault v. Harris, supra* 317 F.Supp. at 375; *Connecticut Mutual Life Insurance Co. v. Carter, supra* 446 F.2d at 139. The Ninth Circuit case relied upon the findings that the SBA "had availed itself of state forms and procedures," was aware of state law on priority questions, and had withheld sufficient funds to pay the mechanics' lien. *United States v. California-Oregon Plywood, Inc., supra* 527 F.2d at 689. The *California-Oregon Plywood* court also relied upon the fact that Congress had expressly made SBA liens subordinate to certain state-created property tax liens. *Id.*

■ None of the facts relied upon in the foregoing cases are present in this case. Specifically, the present case deals with the FmHA loan, not the SBA, and there is not evidence that the FmHA has been expressly made subordinate to other state-created property tax liens. This Court adopts the view that the language and the legislative history of the Tax Lien Act strongly suggest that Congress did not propose to elevate inchoate mechanics' liens over federal contractual claims. The terms of the statute and the detailed Committee reports of both houses of Congress speak repeatedly of

subordinating federal unrecorded tax liens to mechanics' liens, never intimating a design to broaden the subordination to include all federal claims. The argument seems more properly addressed to Congress than to this Court.

The Court finds and concludes that as to all issues raised in the complaint, there are no genuine and material issues of fact remaining for determination and that as a matter of law, the motion for Summary Judgment by defendant United States of America be, and the same is hereby, GRANTED, and the motion for Summary Judgment by plaintiff be, and the same is hereby, DENIED.